Aaron D. Kaufmann (Cal. Bar No. 148580)
Philip C. Monrad (Cal. Bar No. 151073)
Nicole E. Teixeira (Cal. Bar No. 305155)
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
pmonrad@leonardcarder.com
nteixeira@leonardcarder.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ORMENO and MIGUEL RIVERA, <br><br> Plaintiffs, <br><br> v. <br><br> PASHA AUTOMOTIVE SERVICES, a California corporation, and DOES 1- 10, inclusive, <br><br> Defendants. | Case No. 19-cv-7258 <br><br> **COMPLAINT FOR:** <br><br> **(1) FLSA OVERTIME (29 U.S.C. §§ 201,** *et seq.*; <br> **(2) FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF SAN FRANCISCO AND CALIFORNIA LAW (San Francisco Admin. Code § 21C.3, Calif. Labor Code §§ 1194, 1197);** <br> **(3) OVERTIME COMPENSATION PROVISIONS VIOLATIONS (Calif. Labor Code §§ 510, 1194, Calif. IWC Wage Order No. 9);** <br> **(4) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS (Calif. Labor Code § 226);** <br> **(5) BREACH OF CONTRACT;** <br> **(6) VIOLATIONS OF CALIF. UCL (Calif. Bus. & Prof. Code §§ 17200-09)** |

1. Plaintiffs Henry Ormeno and Miguel Rivera (collectively "Plaintiffs") allege as follows:

## I. JURISDICTION

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, overtime claims alleged below. This Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state and municipal claims for minimum wage, overtime and prevailing wages alleged below, as they form part of the same case or controversy under Article III of the United States Constitution.

## II. VENUE

3. Venue is proper in the Northern District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred within this District.

## III. INTRODUCTION

4. Plaintiffs bring wage and hour claims against Defendant Pasha Automotive Services ("Pasha") arising out of their work as automobile processors. Pasha operates an automobile processing facility located on Pier 80 of the Port of San Francisco pursuant to a management agreement and lease between Pasha and the City of San Francisco through the San Francisco Port Commission. Plaintiffs have inspected, processed, accessorized, charged, moved and parked, and washed and detailed automobiles at Pasha's Pier 80 facility. Pasha has not paid Plaintiffs the minimum compensation required by the San Francisco Prevailing Wage Ordinance pursuant to San Francisco Administrative Code § 21C.3 ("Prevailing Rate of Wages and Displaced Work Protection Required for Workers in Public Off-Street Parking Lots, Garages, or Storage Facilities for Automobiles"), and has not paid overtime premium compensation based upon the Prevailing Wage rates as required under the FLSA and California law.

5. Plaintiffs bring claims for payment of overtime wages, liquidated damages, attorneys' fees and costs under the FLSA, 29 U.S.C. §§ 207, 216(b) during the three years preceding September 6, 2019.

6. Plaintiffs also bring claims for unpaid wages, interest, and attorneys' fees and costs under the San Francisco Prevailing Wage Ordinance; for minimum and overtime wages, interest, and attorneys' fees and costs under California Labor Code §§ 510 and 1194, and Code of Civil Procedure § 1021.5.  As third-party beneficiaries of Pasha's lease with the City of San Francisco, which requires Pasha to pay the Prevailing Wage as set forth in San Francisco Administrative Code § 21C.3, Plaintiffs further allege a breach of Pasha's management agreement with the City of San Francisco.  Plaintiffs also seek relief under California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200-17208, including declaratory and injunctive relief, restitution, and disgorgement of all ill-gotten gains Pasha has realized from failing to pay the minimum and proper overtime premium wages to Plaintiffs as required by the San Francisco Prevailing Wage Ordinance, the FLSA, and California law.

7. Plaintiffs' counsel and counsel for Pasha executed a "Structured Negotiations and Tolling Agreement" ("Tolling Agreement") on behalf of their respective clients.

8. Paragraph 2(c) of this Tolling Agreement states: "To the extent that Plaintiffs could assert a Claim or any Claims, on behalf of themselves and/or on behalf of the State of California at any time during the liability period covered by the disputes referenced herein, under any state or federal wage and hour statute, or under common law, such Claims for Plaintiffs will be tolled beginning September 6, 2019 and will remain tolled during negotiations and throughout the duration of the tolling agreement as described in paragraph 5 below."  Paragraph 5 of this Tolling Agreement states:  "This Agreement will end 10 business days after any Party gives written notice to all other parties that the tolling agreement is no longer effective."  Paragraph 7 of the Tolling Agreement states: "The effective date of this Agreement is September 6, 2019."

9. On October 18, 2019, Plaintiffs' counsel gave written notice to all other parties that Plaintiffs were terminating the Tolling Agreement.

### IV. PARTIES

10. Plaintiff Henry Ormeno ("Ormeno") resides in San Francisco, California.  He has served as an Auto Processor for Pasha at the Pier 80 facility in San Francisco from February 16,

1    2017 to the present.  For each workweek Ormeno worked for Pasha, he was employed in "commerce" and/or "in the production of goods for commerce," and there is therefore "individual" coverage under the FLSA.  29 U.S.C. §§ 206(a), 207(a)(1).

11.    Plaintiff Miguel Rivera ("Rivera") resides in San Francisco, California.  He began working for Pasha as an Auto Processor at the Pier 80 facility in San Francisco in approximately July 2018, although he was employed through a third-party staffing agency at the time.  He was hired by Pasha as a "permanent" employee in October of 2018.  For each workweek Rivera worked for Pasha, he was employed in "commerce" and/or "in the production of goods for commerce," and there is therefore "individual" coverage under the FLSA.  29 U.S.C. §§ 206(a), 207(a)(1).

12.    Defendant Pasha Auto Services is a California corporation with headquarters in San Rafael, California.  Pasha runs automotive transport operations at Pier 80 in San Francisco.  Pasha has contracted with the City of San Francisco, through the San Francisco Port Commission, to lease Pier 80.

13.    Pasha also runs automotive transport and logistics operations in National City, California, Aberdeen, Washington, and Sparrows Point, Maryland.  Pasha qualifies for "enterprise" coverage under the FLSA, 29 U.S.C. § 203(r),(s), as it engages in "commerce" and, on information and belief, has gross business volume that exceeds $500,000 a year.

14.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names.  Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.  Hereinafter Defendant Pasha and the DOE defendants shall be referred to collectively as "Defendants."

///

///

## V. STATEMENT OF FACTS

15. Pasha entered into a Management Agreement with the City and County of San Francisco regarding the Pier 80 Cargo Terminal at the Port of San Francisco with an effective date of July 1, 2016 ("Contract"). The Contract designates Pasha as the "Terminal Operator."

16. Paragraph 25.16 of the Contract states, in relevant part: "Terminal Operator shall also pay, and shall require its subtenants, and contractors and subcontractors (regardless of tier) to pay, the Prevailing Rate of Wage as set forth in and to the extent required by San Francisco Administrative Code Chapter 21C for a Public Off-Street Parking Lot, Garage or Automobile Storage Facility (as defined in Section 21C.3)."

17. The Contract has remained in full force and effect from July 1, 2016, to the present.

18. On January 24, 2003, the San Francisco Board of Supervisors ("Board") adopted the "Prevailing rate of wage and displaced worker protection for workers employed in public off-street parking lots, garages, or storage facilities" to set minimum employee compensation rates, including fringe benefits, for leases, management agreements, or other contractual arrangements "for the operation of a public off-street parking lot, garage, or storage facility for automobiles," codified at § 21C.3 of the San Francisco Administrative Code.

19. The Code defines "public off-street parking lot, garage, or automobile storage facility" to mean "any off-street parking lot, garage, or automobile storage facility that is operated on property owned or leased by the City and County of San Francisco." *See* San Francisco Administrative Code § 21C.3(b)(3).

20. The Board fixes the prevailing wage rates under Section 21C.3 by resolution. Prior to 2019, the Board adopted a collective bargaining agreement as the prevailing wage rate. The collective bargaining agreement allowed a maximum of 25% of employees, called "progression rate employees," to be paid lower wages for a set number of months at the start of their employment. The remaining employees, and any employees with more than the set number of months of employment, were paid at the higher journeyman rate.

1    21.   Beginning on May 17, 2019, the Board adopted a rate chart rather than a collective

2  bargaining agreement, but maintained the wage rates for progression rate employees as well as the

3  25% cap on progression rate employees.

4    22.   During the relevant period here, the Prevailing Wage rates have been as follows:

5        a.   From February 10, 2017, to January 30, 2018[1]:

6             i.    1-6 months of employment: $14.50 per hour

7             ii.   7-12 months of employment: $15.00 per hour

8             iii.  13-18 months of employment: $16.50 per hour

9             iv.   Thereafter journeymen rate: $21.80 per hour

10       b.   From February 1, 2018, to May 16, 2019[2]:

11            i.    1-3 months of employment: $16.50 per hour

12            ii.   4-12 months of employment: $17.00 per hour

13            iii.  13-16 months of employment: $17.50 per hour

14            iv.   Thereafter journeyman rate: $23.73 per hour, and, beginning on

15                  July 1, 2018, $24.56 per hour.

16       c.   From May 17, 2019, to present[3]:

17            i.    1-3 months of employment: $16.50 per hour

18            ii.   4-12 months of employment: $17.00 per hour

19            iii.  13-16 months of employment: $17.50 per hour

---

[1] *See* City and County of San Francisco Board of Supervisors, Resolution No. 24-17, *Prevailing Wage Rates – Various Workers Performing Work Under City Contracts*, Feb. 10, 2017, available at https://sfgov.legistar.com/LegislationDetail.aspx?ID=2880111&GUID=6D79AA74-06F3-45BD-B8CC-9F78D57B8D3E.

[2] *See* City and County of San Francisco Board of Supervisors, Resolution No. 14-18, *Prevailing Wage Rates – Various Workers Performing Work Under City Contracts*, Feb. 1, 2018, available at https://sfgov.legistar.com/LegislationDetail.aspx?ID=3205631&GUID=B5392DF6-8207-4084-9539-99AA3045BA6A.

[3] *See* City and County of San Francisco Board of Supervisors, Resolution No. 226-19, *Prevailing Wage Rates - Various Workers Performing Work in Connection with City Contracts or Property*, May 17, 2019, available at https://sfgov.legistar.com/LegislationDetail.aspx?ID=3719995&GUID=B77429B1-F5A1-4330-A385-16AD377E86DB.

      iv.    Thereafter journeyman rate: $24.56 per hour, and, beginning on July 1, 2019, $25.41 per hour.

23. Plaintiffs were both employed by Pasha at Pier 80.

24. Plaintiff Ormeno began working for Pasha on February 16, 2017, and was initially paid $14.00 per hour. In approximately October or November of 2017, Pasha began paying Ormeno $17.23 per hour. On February 16, 2018, Pasha began paying Ormeno $19.50 per hour. In approximately December of 2018, Pasha began paying Ormeno $21.25 per hour.

25. Plaintiff Rivera began working for Pasha through a third-party staffing agency in July of 2018. He was formally hired by Pasha in approximately October 1, 2018. As of October 1, 2018, Rivera earned $17.23 per hour. Rivera also earns a $1 premium for working night shifts.

26. At all relevant times when working for Pasha, Plaintiffs have processed automobiles that are dropped off by truck to be shipped to other countries.

27. Plaintiffs inspect the automobiles after they are delivered to Pier 80. After inspection, Plaintiffs log each car using a handheld scanner, scan the car's battery level, and park the car in designated parking spots in the Pier 80 lot.

28. Plaintiffs electronically charge the automobiles if necessary.

29. The automobiles typically remain parked on the Pier 80 lot for 24 to 72 hours, but are often stored even longer.

30. Pasha has a mobile car washing unit on site at Pier 80. Plaintiffs occasionally wash the automobiles.

31. In preparation for transporting the automobiles aboard vessels, Plaintiffs drive the automobiles from their parking spots to a location near the vessel boarding area.

32. Plaintiffs have also processed automobiles at Pier 80 that are destined for dealerships located within the United States. Such processing has included washing and detailing the automobiles.

33. Since at least September 6, 2015, Defendants have willfully and knowingly paid Plaintiffs an hourly rate below that prescribed by the San Francisco Prevailing Wage Ordinance.

34. While employed at Pasha, Plaintiffs have frequently worked over 8 hours in a day and over 40 hours in a week.

35. In fact, Plaintiffs have often worked shifts of ten to twelve hours, six days a week. Other weeks they worked five full shifts, totaling 45 to 50 hours a week.

36. Defendants required and/or knowingly permitted Plaintiffs to work hours in excess of eight hours a day and/or 40 hours a week, without paying them an hourly rate that is equal to or greater than one and one-half times the minimum wage rates prescribed by the San Francisco Prevailing Wage Ordinance.

## VI. DAMAGES

37. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiffs are owed back pay, including minimum wage and overtime compensation plus interest under the San Francisco Administrative Code, California and federal overtime laws, liquidated damages under 29 U.S.C. §216(b), and penalties under California Labor Code §§ 203 and 226, the precise amount of which will be proved at trial. Plaintiffs are also owed minimum wage, overtime premium pay, and interest as a result of Defendants' breach of the Contract.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF FLSA OVERTIME
### 29 U.S.C. § 207

38. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim for relief.

39. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and continue to employ Plaintiffs. Plaintiffs allege on information and belief that Defendants have had, at all relevant times, gross receipts in excess of $500,000.

40. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times the regular rate of pay at which the employee is lawfully employed, for all work performed in excess of forty (40) hours in a week.  United States Department of Labor overtime regulations at 29 C.F.R. 778.5 define such "regular rate of pay" as a rate no lower than the minimum rate set by applicable state and local legislation, even if such minimums are higher than the those set in the FLSA.

41. Plaintiffs are entitled to be paid the statutorily required overtime compensation for all overtime hours worked.

42. At all relevant times, Defendants have had a policy and practice of paying Plaintiffs an overtime premium rate that is less than one and a half times the regular rate prescribed by San Francisco Administrative Code § 21C.3 for their hours worked in excess of forty (40) hours per week.

43. By failing to compensate Plaintiffs at a rate of not less than one and one-half times the lawful regular rate for work performed in excess of forty (40) hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including Sections 207(a) and 215(a)(2).

44. Defendants' violations of the FLSA's overtime requirements were and are willful, thus extending the limitations period to three years, pursuant to 29 U.S.C. § 255(a).

45. By failing to record, report, and/or compensate Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c).

46. Plaintiffs seek damages in the amount of their respective overtime compensation and liquidated damages, as provided by the FLSA, 29 U.S.C. §§ 216(b), 255 and such other legal and equitable relief as the Court deems just and proper.

47. Plaintiffs seek recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION

## OF SAN FRANCISCO AND CALIFORNIA LAW

**San Francisco Admin. Code § 21C.3, Calif. Labor Code §§ 1194, 1197**

48. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim for relief.

49. Defendants employ Plaintiffs at their operations at Pier 80 in San Francisco pursuant to the Contract signed with the City and County of San Francisco.

50. Defendants park and store automobiles at their Pier 80 facility.

51. Defendants have also directed Plaintiffs to wash and detail automobiles while processing them at Pier 80.

52. Pier 80 is property owned and leased by the City and County of San Francisco.

53. San Francisco Administrative Code § 21C.3 is therefore applicable to Defendants' operations.

54. California Labor Code § 1197 requires employers to pay at least "[t]he minimum wage for employees fixed by … any applicable state or local law."

55. Labor Code § 1194 entitles an employee who is paid less than the legal minimum wage to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorney's fees, and cost of suit.

56. Labor Code § 1194.2 entitles an employee receiving less than the legal minimum wage to recover liquidated damages in an amount equal to the wage unlawfully paid and interest thereon.

57. Plaintiffs performed work for which Defendants willfully and intentionally failed to compensate them at the required minimum wage rate for all hours worked in violation of Labor Code §§ 1194, 1194.2, 1197, and San Francisco Administrative Code § 21C.3.

58. As a result of Defendants' conduct, Plaintiffs were deprived of minimum wage in an amount to be determined at trial, and are entitled to recovery of the unpaid balance of the full

1  amount of this minimum wage, including interest thereon, reasonable attorney's fees, and costs of

2  suit pursuant to Labor Code § 1194, as well as liquidated damages pursuant to Labor Code

3  § 1194.2.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF THE OVERTIME COMPENSATION

## PROVISIONS OF CALIFORNIA LABOR CODE

**Calif. Labor Code §§ 510, 1194; Calif. I.W.C. Wage Order No. 9**

8   59.    The allegations of each of the preceding paragraphs are realleged and incorporated

9  herein by reference, and Plaintiffs allege as follows a claim of relief.

10   60.    By its failure to pay the proper overtime rate to Plaintiffs as alleged above,

11  Defendants violated California Labor Code § 510 and the provisions of California Industrial

12  Welfare Commission's ("IWC") Wage Order No. 9, which require overtime compensation for

13  hours worked in excess of eight (8) per day and forty (40) per week.

14   61.    At all times relevant herein, Defendants failed to pay Plaintiffs overtime premium

15  pay at the rates required by San Francisco Administrative Code § 21C.3 for all hours worked in

16  excess of eight (8) hours per day and forty (40) hours per week.

17   62.    By its failure to pay Plaintiffs the hourly rate prescribed by San Francisco

18  Administrative Code § 21C.3, and an overtime rate properly calculated thereon, Defendants have

19  deprived Plaintiffs of overtime compensation in an amount to be determined at trial, and are

20  entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under

21  California Labor Code §§ 510 and 1194 and Wage Order 9.

## FOURTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

**Calif. Labor Code § 226**

25   63.    The allegations of each of the preceding paragraphs are realleged and incorporated

26  herein by reference, and Plaintiffs allege as follows a claim of relief.

64. California Labor Code § 226(a)(9) requires employers to furnish each employee with accurate itemized statements showing all the applicable hourly rates in effect, with each paycheck. Because Defendants knowingly and intentionally failed to compensate Plaintiffs at the hourly rate required by San Francisco Administrative Code § 21C.3, the itemized statements provided to Plaintiffs failed to accurately state the applicable rates of pay in effect during the relevant period. Plaintiffs are therefore entitled to recover actual and statutory damages, and reasonable attorneys' fees and costs pursuant to California Labor Code § 226(e).

## SIXTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

65. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief.

66. Pasha is party to the Contract with the City and County of San Francisco. As a condition of the Contract, Pasha promised to comply with applicable laws and to pay the Prevailing Rate of Wage as set forth in and to the extent required by San Francisco Administrative Code § 21C.3 for a Public Off-Street Parking Lot, Garage or Automobile Storage Facility.

67. Employees who perform work pursuant to Pasha's Contract with the City of San Francisco are intended beneficiaries of such contract. Because Plaintiffs perform work pursuant to Pasha's Contract, and because compliance with the San Francisco Prevailing Wage Ordinance is a condition of that Contract, Plaintiffs are the intended beneficiaries of the Contract.

68. The City of San Francisco has performed all of its obligations under the contract. Defendants, including Pasha, have failed to compensate Plaintiffs with the hourly rate required by the San Francisco Prevailing Wage Ordinance. As a result, Pasha has breached its contract with the City of San Francisco. Accordingly, Plaintiffs are entitled to damages constituting the difference between the amount actually paid to Plaintiffs and the amount required by the San Francisco Prevailing Wage Ordinance.

///

///

## SEVENTH CLAIM FOR RELIEF

## VIOLATIONS OF THE UCL

### Calif. Business and Prof. Code §§ 17200-09

69. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves under Business and Professions Code § 17204:

70. California Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

71. California Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

72. Beginning at an exact date unknown to Plaintiffs, but prior to September 6, 2016, Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by California Business & Professions Code § 17200, by engaging in the following:

    a. Willfully failing to pay Plaintiffs the minimum hourly rates prescribed by the San Francisco Administrative Code § 21C.3 and Labor Code § 1194; and

    b. Willfully failing to pay Plaintiffs an overtime rate equal to or greater than one and one-half times the hourly rate prescribed by the San Francisco Administrative Code § 21C.3, in violation of California Labor Code § 510 and the FLSA.

73. The violations of these laws serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200.

74. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received and continues to hold ill-gotten gains belonging to Plaintiffs. Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of unpaid wages, overtime compensation, denied days off, and interest accrued.

75. Plaintiffs are entitled to restitution pursuant to California Business & Professions Code §§ 17203 and 17208 for all unpaid wages, overtime compensation and interest since September 6, 2015.

76. Plaintiffs' success in this action will enforce important rights affecting the public interest. In this regard, Plaintiffs sue on behalf of the public as well as on behalf of themselves and others similarly situated. Plaintiffs seek and are entitled to the unpaid compensation, declaratory and injunctive relief, and any other appropriate remedy.

77. Injunctive relief is necessary and appropriate to prevent Defendants from continuing and repeating their unlawful, unfair and fraudulent business acts and practices alleged above.

78. In order to prevent Defendants from profiting and benefiting from their wrongful and illegal acts and continuing those acts, Plaintiffs request an order requiring Defendants to disgorge all the ill-gotten gains they have reaped and restore such amounts to Plaintiffs, from whom they were unlawfully taken.

79. Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action that is in the public interest. Therefore, attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

80. Plaintiffs request relief as described below.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Olmedo and Rivera request relief as follows:

A. A declaratory judgment that Defendants should have paid Plaintiffs at least the minimum compensation rates sets forth in the San Francisco Administrative Code § 21C.3.

B. A declaratory judgment that Defendants have violated the following provisions of law:
   (1) San Francisco Administrative Code § 21C.3;
   (2) The minimum wage required by California Labor Code §§ 1194 and 1197;
   (3) The overtime provisions of the California Labor Code § 510 and IWC Wage Order No. 9;

  (4)  The overtime provisions of the FLSA, 29 U.S.C. § 207;

  (5)  California Labor Code § 226 for failing to provide accurate wage statements including the applicable hourly rates in effect for each pay period;

  (6)  Business and Professions Code §§ 17200-17208, for profiting by unlawfully, unfairly and fraudulently failing to pay Plaintiffs the compensation owed to them under the laws described herein;

C. A declaratory judgment that Defendants' violations as described above were willful;

D. For an equitable accounting to identify, locate, and restore to Plaintiffs the wages that are due;

E. An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs for Defendants' failures to pay legally required wages, overtime, days off, and interest thereon, in an amount according to proof, pursuant to California Business & Professions Code § 17203;

F. For an order imposing penalties under California Labor Code §§ 226;

G. Pre-Judgment and Post-Judgment interest, as provided by law;

H. For an award of liquidated damages under the FLSA, 29 U.S.C. § 216(b).

I. For an award of liquidated damages under California Labor Code § 1194.2.

J. An award of reasonable attorneys' fees and costs, pursuant to California Labor Code §§ 218.5, 226, and 1194, Code of Civil Procedure § 1021.5, the FLSA, 29 U.S.C. § 216(b), and/or other applicable law; and

K. An award to Plaintiffs of such other and further relief as this Court deems just and proper.

L. Such other legal equitable relief as this Court deems necessary, just, and proper.

              LEONARD CARDER, LLP

DATED: 11/4/2019    By:  /s/ Nicole E. Teixeira
              Aaron D. Kaufmann
              Philip C. Monrad
              Nicole E. Teixeira

              *Attorneys for Plaintiffs*